[No. 3984.   Decided August 5, 1901.]

*In the Matter of the Application of* EBEN L. BOYCE *for*
*Writ of Habeas Corpus.*

STATUTES—TIME OF TAKING EFFECT—DEATH WARRANT—REPEAL OF
  AMENDATORY CLAUSE.

The act of March 8, 1901 (Laws of 1901, p. 100) relating to the
death warrant and amending §§ 6993, 6995, Bal. Code, relative
thereto, not being effective under the constitution (art. 2, § 31)
until ninety days after the adjournment of the legislature which
enacted it, which would make the date of its going into effect
June 12, 1901, never became operative by reason of the passage
and approval by the legislature in extraordinary session on
June 12, 1901, of the act repealing said amendatory act, with
an emergency clause declaring the repeal immediately effective,
since a statute which takes effect from and after its passage goes
into operation on the day when approved and relates back to
the first moment of that day.

*Original Application for Habeas Corpus.*

*John F. Dore, J. J. McCafferty, G. W. H. Davis* and
*James F. O'Brien,* for petitioner.

PER CURIAM.—The petitioner was tried, convicted, and
sentenced for the crime of murder in the first degree, and
sentenced to be hanged on the 9th day of August, 1901.
The death warrant was issued at 10:30 a. m. on the 12th
of June, in conformity with § 6993, Ballinger's Code.   It
is maintained by counsel for petitioner that when the death
warrant was issued the act approved March 8, 1901, was
in force and effect, and that such act repealed § 6993 of
Ballinger's Code, and that there was no authority for the
execution of the defendant by the sheriff of Pierce county.
The legislature adjourned *sine die* on the 14th day of
March, 1901.   The constitution provides (§ 31, art. 2),
"No law, except appropriation bills, shall take effect until
ninety days after the adjournment of the session at which

it was enacted, unless in case of an emergency . . . ."
The rule of computation of time urged by counsel is, that
ninety days after the adjournment of the session made the
act of March 8, 1901, in effect the 12th day of June. But
on the 12th day of June, 1901, the legislature in extraordi-
nary session passed an act repealing the act of March 8,
1901, entitled an act relating to the death warrant, the
contents thereof, the return of same, and fixing place of
execution, and amending §§ 6993 and 6995 of Ballinger's
Annotated Codes and Statutes of Washington; and in § 2
declared the following emergency clause: "For the pur-
pose of preventing the act hereby repealed from ever be-
coming operative for any purpose, an emergency is hereby
declared to exist and this act shall take effect immediately."
The general rule is, as to legislative acts, or public laws,
or such judicial proceedings as are matters of record, that
the law allows no division of a day, and that a statute
which takes effect from and after its passage goes into
operation on the day which it is approved, and has rela-
tion to the first moment of that day. The legislative day
on the 12th of June commenced on the first moment of that
day. If the correctness of the computation of counsel be
conceded the repealing act of June 12, 1901 (Laws 1901
[Ex. Sess.], p. 3), which was specially declared to prevent
the going into effect and operation of the law of March
8, 1901, relating to the execution of the death warrant,
made the last repeal effective before the act went into
effect. It was observed in the *Matter of Welman,* 20 Vt.
653:

"This rule does not apply in all cases, but, like most
other general rules, is subject, in its application, to just
and reasonable exceptions. It does not prevail in ques-
tions concerning merely the acts of parties, where it be-
comes necessary to distinguish and ascertain which of sev-
eral persons has a priority of right; . . . . But

though divisions of a day are allowed to make priorities in questions concerning private acts and transactions, they are never allowed to make priorities in questions concerning public acts, such as legislative acts, or public laws, or· such judicial proceedings as are matters of record."

The legislature may, undoubtedly, give effect at any particular time by the direct expression of its intention to make an act in effect. But in the last repealing act the legislative will is clearly expressed, and the act was to take effect immediately, and upon and including the legislative day, and every moment thereof. The fact that the time was specified when the respective bills were signed by the presiding officers does not change the general rule which has already been stated. As the hour at which the bills passed is immaterial, the effect of the law is the same whether there be any specification of the time of action upon the bill. It is concluded, therefore, that the repealing act of June 12, 1901, was effective, and that the act of March 8, 1901, commonly called the "Rands act," relating to the death warrant was never in effect, and that §§ 6993 and 6995, Ballinger's Code, were, on the 12th of June, 1901, and are now in full force and effect. The petitioner, therefore, presents no *prima facie* case for relief, and affirmatively shows he is not entitled to the writ.

The writ denied.